**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEJANDRO DIAZ-MALDONADO, | : | MOTION TO VACATE |
| BOP NO. 59969-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-708-JOF-LTW |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:08-CR-109-1-JOF-LTW |

**UNITED STATES MAGISTRATE JUDGE'S
<u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>**

Proceeding *pro se*, Alejandro Diaz-Maldonado filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [31]. The Honorable J. Owen Forrester referred Diaz-Maldonado's § 2255 motion to this Court "for the purpose of holding an evidentiary hearing to determine the facts surrounding the discussions and decisions of Petitioner and his counsel on any possible appeal" [34 at 6]. This Court appointed counsel to represent Diaz-Maldonado [44] and held an evidentiary hearing on November 3, 2010. At the conclusion of the evidentiary hearing, this Court set a briefing schedule to permit the parties to submit post-hearing briefs [48]. By consent motion, Diaz-Maldonado and the Government have both waived briefing and asked that the briefing schedule be vacated [49].

This Court has taken judicial notice of the record in this case. After hearing and considering the testimony of Diaz-Maldonado and his former attorney, Michael Wallace – which was in accord on all material points – this Court finds as follows: Diaz-Maldonado was indicted for illegal re-entry into the United States in violation of 18 U.S.C. § § 1326(a) and (b)(2). Diaz-Maldonado's family retained Wallace to represent him. Diaz-Maldonado entered a non-negotiated guilty plea to the indictment. Diaz-Maldonado did not execute an appeal waiver. Immediately after sentencing, Diaz-Maldonado specifically advised Wallace that he wanted to appeal the sentence. Wallace filed a notice of appeal, but did not subsequently file an appeal. Diaz-Maldonado's appeal was dismissed by the United States Court of Appeals for the Eleventh Circuit "for want of prosecution because appellant failed to pay the $450 docketing and $5 filing fees . . . within the time fixed by the rules" [29 at 2]. Wallace never sought – and was never granted – permission to withdraw as Diaz-Maldonado's counsel.

A direct appeal of a federal conviction is "a matter of right." *Coppedge v. United States*, 369 U.S. 438, 441 (1962). The United States Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-*

2

*Ortega*, 528 U.S. 470, 477 (2000). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*. It is a distinction without a difference that Wallace filed a notice of appeal, but did not then file an appeal. "Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court." 11th Cir. R. 46-10(a). Wallace's disregard of Diaz-Maldonado's specific instructions to appeal the sentence was professionally unreasonable where Wallace had not been authorized to withdraw.

This Court **RECOMMENDS** that Diaz-Maldonado's § 2255 motion be granted and that the procedural approach set forth by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), be followed so that Diaz-Maldonado may take an out-of-time appeal. *See also United States v. Zavala*, 240 F. App'x 309, 310 (11th Cir. 2007) (discussing *Phillips* and suggesting that the district court may impose a different sentence in certain circumstances).

3

The Consent Motion to Vacate the Briefing Schedule [49] is **GRANTED**.

**IT IS SO ORDERED AND RECOMMENDED**, this 18th day of November, 2010.

                                              s/Linda T. Walker
                                              LINDA T. WALKER
                                              UNITED STATES MAGISTRATE JUDGE