**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 1:08-cr-00109-JOF-LTW-1 |
| Alejandro Diaz-Maldonado, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [31] and the Report and Recommendation of Magistrate Judge Linda T. Walker [53].

Petitioner, Alejandro Diaz-Maldonado, was indicted on one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) & (b)(2). The indictment alleged that Petitioner was an alien who previously had been deported from the United States to Mexico on both January 23, 1991 and August 17, 2004. On June 26, 2008, without a plea agreement, Petitioner entered a guilty plea to the indictment. On October 1, 2008, Petitioner was sentenced to 46 months' imprisonment, three years supervised release, and a $100 special assessment. Petitioner was represented by retained counsel Mr. Michael Wallace. Counsel filed a notice of appeal on October 10, 2008, but made no further motions after that. On November 10,

2008, the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's direct appeal for failure to pay the filing fee.

Petitioner filed the instant § 2255 on March 11, 2009, alleging ineffective assistance of counsel for failure to prosecute his direct appeal by failing to pay the fee for the appeal and failing to file an *Anders* brief. Petitioner asked that the court grant him an evidentiary hearing so he could present evidence that he directed his counsel to file a direct appeal, or that the court vacate his sentence and re-institute it so that Petitioner would have ten days to file a new notice of appeal and perfect his appeal.

In an order dated December 8, 2009, the court discussed the body of law in the Supreme Court and the Eleventh Circuit governing a counsel's failure to file a notice of appeal in a criminal case when it is alleged that the defendant instructed him to do so. *See generally Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Thompson v. United States*, 504 F.3d 1203 (11th Cir. 2007). Because consideration of what conversations Petitioner had with his counsel would be relevant to analyzing Petitioner's § 2255 claim, the court referred Petitioner's § 2255 motion to the Magistrate Judge for the purpose of holding an evidentiary hearing to determine the facts surrounding the discussions and decisions of Petitioner and his counsel on any possible appeal.

Magistrate Judge Linda T. Walker directed the Government to respond to Petitioner's § 2255 motion and appointed Lynn Fant as counsel to represent Petitioner at an evidentiary

2

hearing on November 3, 2010. At the conclusion of the hearing, Magistrate Judge Walker set forth a post-hearing briefing schedule. However, the Magistrate Judge later stayed the briefing schedule as a result of an agreement by the Government and Petitioner's present counsel that Petitioner had directed his former counsel Michael Wallace to file an appeal and that while Mr. Wallace had filed a notice of appeal, he had not submitted a brief on behalf of Petitioner. As a result, the Government stated that it did not oppose a re-imposition of Petitioner's sentence, allowing Petitioner to pursue his appeal anew.

In light of these developments, Magistrate Judge Walker issued a Report and Recommendation on November 18, 2010, in which she recommended that Petitioner's § 2255 motion be granted and that the procedural approach set forth in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), be followed so that Petitioner may take an out-of-time appeal.

The court ADOPTS the Report and Recommendation of the Magistrate Judge as the ORDER of this court. The court GRANTS Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [31] to the limited degree that Petitioner shall have an out-of-time appeal.

*Phillips* instructs that when a district court believes an out-of-time appeal is warranted, the court should (1) vacate the criminal judgment from which the out-of-time appeal is to be permitted; (2) reimpose the same sentence, (3) upon reimposition of that

3

sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence, and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days. *See* 225 F.3d at 1201.

In *United States v. Parrish*, 427 F.3d 1345 (11th Cir. 2005), the Eleventh Circuit held that the district court "was not required to hold a re-sentencing hearing" because "the district court was required to re-sentence Parrish to the same sentence originally imposed." *Id.* at 1348. *See also United States v. Bolden*, 343 Fed. Appx. 574 (11th Cir. 2009) (reimposition of sentence under *Phillips* is "ministerial task that triggers appellate rights," court need not conduct second sentencing hearing and defendant does not have constitutional right to be present for reimposition of original sentence).

Therefore, the court VACATES the criminal judgment imposed on October 1, 2008 and entered on October 2, 2008. The court RE-IMPOSES the sentence of 46 months' imprisonment, three years supervised release, and a $100 special assessment. The court advises Petitioner that the time for filing a notice of appeal is ten days pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Petitioner's current counsel, Lynn Fant, is directed to represent Petitioner on appeal.

4

**IT IS SO ORDERED** this 14th day of December 2010.


_____/s   J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

5